UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUDARSHAN THIND,

        Plaintiff,

-against-

MURPHY DANIEL; WILLIAM FLOYD,

        Defendants.

19-CV-10364 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated November 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the following reasons, the complaint is dismissed.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The Court gleans the following facts from Plaintiff's complaint. On November 4, 2019, Plaintiff went to the United States Bankruptcy Court for the Southern District of New York at Bowling Green to make his "final payment." Defendants Murphy Daniel and William Floyd, whom Plaintiff identifies as being United States Marshals, were working as security guards. Defendants checked Plaintiff's bags and cell phone, and asked Plaintiff for identification. Plaintiff gave them his driver's license, which they scanned. When Plaintiff asked for his license to be returned, Defendants were unable to find it. Plaintiff sued Defendants in small claims court, seeking $1,200. The outcome of that matter is not clear.

## DISCUSSION

The doctrine of sovereign immunity bars federal courts from hearing all suits against the United States of America except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Plaintiff does not specify a cause of action in his complaint. Because Plaintiff seeks money damages for injuries allegedly caused by federal employees,[1] the Court construes the complaint as seeking relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. The FTCA provides for a waiver of sovereign immunity for certain claims for money damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1).

But a plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). If no final written determination is made by the appropriate federal government entity within six months of the date of the claimant's filing, the claimant may bring an FTCA action in a federal district court. *See id.* This requirement is jurisdictional and cannot be waived.[2] *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

---

[1] The Court will assume for purposes of this order that Defendants are federal employees.

[2] The proper defendant in an FTCA claim is the United States. 28 U.S.C. § 2679(a), (b)(1); *see also Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 117 (S.D.N.Y.) ("[T]he only proper defendant in an FTCA action is the United States, and not a federal agency or individual employees of a federal agency[.]"), *aff'd*, 356 F. App'x 465 (2d Cir. 2009) (summary order).

Here, Plaintiff does not allege any facts demonstrating that he has filed an administrative claim under the FTCA with a federal government entity for damages, and he does not allege that he has subsequently received a final written determination before bringing this action, or that it has been more than six months since he has filed such an administrative claim. Because the events giving rise to this complaint occurred on November 4, 2019, Plaintiff could not have exhausted his administrative remedies as the FTCA requires. Accordingly, the Court dismisses Plaintiff's claims under the doctrine of sovereign immunity. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed under the doctrine of sovereign immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 3, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge